**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| MICHELLE B. O.,         )<br>                                   )<br>     Plaintiff,              )<br>                                   )<br>vs.                              )<br>                                   )<br>KILOLO KIJAKAZI,        )<br>Acting Commissioner of Social Security,  )<br>                                   )<br>     Defendant.          ) | Case No. 21-cv-00439-SH |

## OPINION AND ORDER

Before the Court is Defendant's unopposed motion, asking the Court to reverse and remand the above-captioned case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and to enter judgment. As the sole basis of this motion, Defendant states the Commissioner has further reviewed Plaintiff's case and determined that remand for further proceedings is warranted. (ECF No. 15 ¶ 2.)

By statute, the district court's authority to remand a social security case is limited to the "carefully delineated circumstances" listed in the fourth and sixth sentences of section 405(g), the so-called "sentence four" and "sentence six" remands. *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994). Under sentence four, the Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). The Tenth Circuit has interpreted sentence four as allowing remand "only after passing on [the case's] merits and issuing a judgment affirming, reversing, or modifying the Commissioner's decision."

*Briggs v. Barnhart*, 190 F. App'x 736, 738 (10th Cir. 2006) (unpublished).[1]  Remand is not appropriate where the Commissioner simply requests remand for further administrative proceedings "[w]ithout acknowledging any error" and the Court does not enter a substantive ruling.  *Huff v. Apfel*, No. 99-7134, 2000 WL 1022270, at *1-2 (10th Cir. July 25, 2000) (unpublished).  However, the Commissioner may concede error by requesting a reversal of her decision.  *Henry v. Comm'r of Soc. Sec.*, No. 2:20-cv-461, 2021 WL 1605054, *1 (M.D. Fla. Apr. 14, 2021), *R.&R. adopted,* 2021 WL 1578825 (M.D. Fla. Apr. 22, 2021).  The Court construes the Commissioner's request for reversal as such a concession.

IT IS THEREFORE ORDERED that Defendant's Unopposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (ECF No. 15) is GRANTED.  The decision of the Commissioner is REVERSED and REMANDED under 42 U.S.C. § 405(g), sentence four, for further proceedings.  Judgment will issue accordingly.

ORDERED this 20th day of May, 2022.

**SUSAN E. HUNTSMAN, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value.  10th Cir. R. 32.1(A).